JOHN ROBINSON, adm'r., plaintiff in error, vs. MARK. A. HAR-
DIN, ex'or., defendant in error.

Where an answer is responsive to the bill, and denies its allegations, there can be
no decree for the complainant unless the answer is overcome by two wit-
nesses or one witness and corroborating circumstances. To this rule there are
many exceptions. The answer may be contradicted by circumstances alone,
and in various other ways. It is overthrown by the patent, palpable and
self-evident clerical mistake in the terms of this deed.

In Equity, in Cass Superior Court. Tried before Judge
TRIPPE, March Term, 1858.

On the 11th day of January, 1834, William Harden sold
to George M. Lavender lot of land Number 38, in the 22d
district of originally Cherokee now Floyd county, and execu-
ted to him a deed therefor, the clause of warranty in which
reads as follows.

" To have and to hold the said tract of land, and all and
singular, the premises and appurtenances thereunto belong-
ing as aforesaid, and every part thereof, unto the said George
M. Lavender, his heirs and assigns, to the only proper use,
benefit and behoof of the said George M. Lavender, his heirs

and assigns, forever, and the said *George M. Lavender* for himself and his heirs, the tract of land and premises aforesaid, and every part thereof, unto the said G. M. Lavender, his heirs and assigns, against him the said William Hardin and his heirs and all and every other person and persons whomsoever, shall and will warrant and forever defend by these presents."

John Robinson, as administrator of Lavender, filed his bill in equity against Wm. Hardin, alleging that there was a mistake committed in writing the said clause of warranty in said deed, and prayed the Court to reform the same.

Hardin answered the bill, denying that there was any mistake, and that he never intended to warrant the title to Lavender.

It appeared in evidence, that at the time of sale, the grant to said lot was not taken out.

It was also proved that Hardin had offered to sell said lot of land to other parties, previous to the sale to Lavender, and that after the lot had reverted to the State, and had been granted to a third party, Hardin spoke of settling the case with Lavender.

The Court charged the jury that when the answer is responsive to the allegations in the bill, it requires one witness and corroborating circumstances to overcome it.

Counsel for plaintiff requested the Court to charge the jury, "that it is not necessary, in order to show that there was a mistake, and to correct it, that some witness should swear positively that there was a mistake, but other evidence, if entirely satisfactory, may show a mistake as well as the testimony of a witness. Which charge the Court refused to give, and counsel for plaintiff excepted.

The Court charged " that the jury should take into consideration all the facts and circumstances of the case as detailed by the evidence, viz: the testimony of the witnesses, the deed from Hardin as submitted to them, and if they believed, from the evidence, that a mistake, as complained of,

had been made in the clause of warranty, then they should find for the plaintiff, and decree that the deed should be reformed so as to correct it."

The jury found for the defendant, and counsel moved the Court for a new trial, predicated upon alleged error in the charge of the Court; and because the verdict was against the law and evidence of the case.

The Court refused the new trial, and counsel for plaintiff excepted.

AIKIN; and PRINTUP, for plaintiff in error.

UNDERWOOD; and SHROPSHIRE, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Our judgment is, that a new trial should have been granted in this case.

While the Court, in its charge to the jury, stated the rule of law correctly as an abstract proposition, still it was not the law applicable to the facts of this case. Moreover, by refusing to charge the law as requested by complainant's counsel, and which was applicable to the proof, the jury were probably misled, and induced to believe that unless the mistake in the deed was established by two witnesses, or one witness and corroborating circumstances, their finding should be for the defendant.

The verdict, at any rate, was strongly and decidedly against the weight of evidence. There is scarcely any amount of testimony that could induce the mind to believe that there was not a clerical mistake in drafting this deed. The idea that Lavender, the vendee, should be made to warrant the title against the claim of himself or his heirs, is preposterous. Nobody believes it. Hardin supposed the land was granted, and that he held the title; for he offered to sell to others before he sold to Lavender. It is also to be inferred that he thought he had warranted the title, and that he was

bound to make it good, for he spoke of the arrangement he had made to settle with Lavender. And it was not until he ascertained that the mistake existed in the words of the warranty, that he refused to make compensation.

It is alleged, by way of defence, that Lavender was to grant the land before the conveyance was to be executed by Hardin. This may be so. How this can be reconciled with the fact that he has actually made a deed, it is not for us to determine.

Judgment reversed